IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01042-BNB

BROOKS TERRELL-BEY,

    Plaintiff,

v.

JUAN COLON,
G. HALL,
RICHARD SCHOTT,
U.S. DEPARTMENT OF JUSTICE, and
FED. B. PRISON,

    Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Brooks Terrell-Bey, is in the custody of the Federal Bureau of Prisons at ADX-Florence, Colorado.  He has filed, *pro se*, a Prisoner Complaint alleging deprivations of his constitutional rights pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  Mr. Terrell-Bey has been granted leave to proceed without prepayment of the filing fee pursuant to 28 U.S.C. § 1915.

The Court must construe the Complaint liberally because Mr. Terrell-Bey is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for *pro se* litigants.  *See Hall*, 935 F.2d at 1110.  The Court has reviewed the complaint and has determined that it is deficient.  For the reasons discussed below, Plaintiff will be ordered to file an amended complaint.

Mr. Terrell-Bey alleges in the Complaint that on February 1, 2013, he received dental work performed by Defendant Colon, a dentist. The dental work consisted of placing a filling in one of Plaintiff's teeth, but the filling fell out shortly thereafter. A different dentist corrected the problem. Plaintiff alleges that he suffers from severe nerve damage and constant bleeding from his mouth as a result of the dental work performed on February 1, 2013. Mr. Terrell-Bey further asserts that Defendants Schott and Hall failed to adequately supervise Defendant Colon. Plaintiff requests monetary relief.

Mr. Terrell-Bey's *Bivens* claims against Defendants Federal Bureau of Prisons and the United States Department of Justice are barred by the doctrine of sovereign immunity. The United States, as a sovereign, cannot be sued without its prior consent, and the terms of its consent define this court's subject matter jurisdiction. See *McGinness v. United States*, 90 F.3d 143, 145 (6th Cir.1996). The United States has not waived sovereign immunity for itself or its agencies under *Bivens* for constitutional tort claims and therefore cannot be sued in a *Bivens* action. *See Federal Deposit Insurance Corp. v. Meyer*, 510 U.S. 471, 483-86 (1994) (holding that a *Bivens* action may not be brought against the United States).

The Complaint is also deficient because Mr. Terrell-Bey fails to allege the personal participation of each named Defendant in a violation of his constitutional rights. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.

2

*See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); *see also Dodds v. Richardson*, 614 F.3d 1185, 1200-1201 (10th Cir. 2010) ("[D]efendant-supervisors may be liable under § 1983 where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)). A supervisor defendant, such as Defendant Hall, may not be held liable for the unconstitutional conduct of his subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). This is because "§ 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).

Furthermore, Mr. Tererll-Bey cannot maintain claims against prison officials or administrators, such as Defendant Schott, on the basis that they denied his grievances. The "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009); *see also Whitington v. Ortiz*, No. 07-1425, 307 F. App'x. 179, 193 (10th Cir. Jan. 13, 2009) (unpublished) (stating that "the denial of the grievances alone is insufficient to establish personal participation in the alleged constitutional violations.") (internal quotation marks and citation omitted); *Davis v. Ark. Valley Corr. Facility*, No. 02-1486, 99 F. App'x. 838, 843 (10th Cir. May 20, 2004) (unpublished) (sending "correspondence [to high-ranking prison official] outlining [a] complaint . . . without more, does not sufficiently implicate the [supervisory official] under § 1983").

Finally, medical negligence does not implicate the Constitution.  *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  "[P]rison officials violate the Eighth Amendment's ban on cruel and unusual punishment if their deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain." *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006) (internal quotation marks omitted). *See also Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quotations omitted); *Estelle*, 429 U.S. at 104-06 (1976).  Deliberate indifference means that "a prison official may be held liable. . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  *Farmer*, 511 U.S. at 847.  Accordingly, it is

ORDERED that Plaintiff, Brooks Terrell-Bey, file **within thirty (30) days from the date of this order,** an amended complaint that complies with the directives in this order.  It is

FURTHER ORDERED that Mr. Terrell-Bey shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Plaintiff fails to file an amended complaint that complies with this order within the time allowed, the Court may dismiss some of the claims and defendants without further notice for the reasons discussed above.

DATED April 25, 2014, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge