IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01042-BNB

BROOKS TERRELL-BEY,

     Plaintiff,

v.

JUAN COLON,
G. HALL,
RICHARD SCHOTT,
U.S. DEPARTMENT OF JUSTICE, and
FED. B. PRISON,

     Defendants.

_____

ORDER DISMISSING CASE

_____

     Plaintiff, Brooks Terrell-Bey, is in the custody of the Federal Bureau of Prisons at ADX-Florence, Colorado.  He initiated this action by filing, *pro se*, a Prisoner Complaint alleging deprivations of his constitutional rights pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  Mr. Terrell-Bey has been granted leave to proceed without prepayment of the filing fee pursuant to 28 U.S.C. § 1915.

     On April 25, 2014, Magistrate Judge Boyd N. Boland reviewed the Complaint and determined that it was deficient for the following reasons: (1) the *Bivens* claims against Defendants Federal Bureau of Prisons and the United States Department of Justice are barred by the doctrine of sovereign immunity, *see Federal Deposit Insurance Corp. v. Meyer*, 510 U.S. 471, 483-86 (1994) (holding that a *Bivens* action may not be brought against the United States); (2) Plaintiff failed to allege the personal

participation of each named Defendant in a violation of his constitutional rights, *see Kite v. Kelly*, 546 F.2d 334, 338 (1976); and, (3) Plaintiff's allegations of medical negligence do not implicate the Constitution.  *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Accordingly, Magistrate Judge Boland directed Plaintiff to file an amended complaint within thirty days of the April 25 Order.

On May 2, 2014, Mr. Terrell-Bey filed a "Motion for Voluntary Dismissal" (ECF No. 8) stating that he wished to dismiss this action voluntarily.

Fed. R. Civ. P. 41(a)(1) provides that "the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment . . . ."  No answer or motion for summary judgment has been filed by Defendants in this action.  Further, a voluntary dismissal under Rule 41(a)(1) is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is necessary.  *See* J. Moore, Moore's Federal Practice ¶ 41.02(2) (2d ed. 1995); *Hyde Constr. Co. v. Koehring Co.*, 388 F.2d 501, 507 (10th Cir. 1968).  The motion, therefore, closes the file as of May 2, 2014. *See Hyde Constr. Co.*, 388 F.2d at 507.  Accordingly, it is

ORDERED that the action is dismissed pursuant to Fed. R. Civ. P. 41(a)(1).  It is

FURTHER ORDERED that the voluntary dismissal is without prejudice and is effective as of May 2, 2014.

DATED at Denver, Colorado, this  7th  day of ____May_____, 2014.

BY THE COURT:


__s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court